FILED
U.S. DISTRICT COURT
DIV.
2011 JAN 25 PM 3:25
CLERK R Oee
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAYMOND W. BROWN,

    Plaintiff,

v.

CARL RENFROE,

    Defendant.

CIVIL ACTION NO.: CV210-003

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Raymond W. Brown ("Plaintiff") filed an action pursuant to 42 U.S.C. § 1983 alleging due process violations stemming from the requirement that he register as a sex offender. Defendant Carl Renfroe ("Renfroe") filed a Motion for Summary Judgment. (Doc. No. 25). Plaintiff filed a Response. (Doc. No. 34). For the reasons which follow, Renfroe's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Renfroe improperly made him register as a sex offender because his conviction was not constitutional. (Doc. No. 1, p. 5). Plaintiff asserts that Renfroe violated Plaintiff's constitutional rights by publishing that Plaintiff was a convicted sex offender in the Tribune & Georgian newspaper for the same reason. (Id. at p. 9). Plaintiff alleges various errors that occurred during his arrest and trial in 1988 that resulted in an unlawful conviction. (Id. at pp. 5-8). Specifically Plaintiff asserts that there was no probable cause for an arrest warrant, that a "mock judge" used "illegal authority" when imposing Plaintiff's "illegal sentence," and that Renfroe knew of these

AO 72A
(Rev. 8/82)

alleged actions. (Doc. No. 34). Plaintiff requests $25 million in damages plus punitive damages. (Id. at p. 14).

Renfroe asserts the following in support of his Motion: 1) Plaintiff has no evidence of actions amounting to a constitutional violation such that he can proceed under § 1983; 2) Plaintiff's claims necessitate finding that Plaintiff's criminal convictions are invalid, which is impermissible under Heck v. Humphrey, 512 U.S. 477 (1994); and 3) Renfroe is entitled to qualified immunity. (Doc. No. 25-3, pp. 1-2).

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[y is] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrashi Sephardi, Inc. v. Town of Surfside, 366 F. 3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F. 3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F. 3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no

2

genuine issues of material fact. Hickson, 357 F. 3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255 (1986). "The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact." Chapman v. A1 Transport, 229 F.3d 1012, 1023 (11th Cir. 2000).

## DISCUSSION AND CITATION TO AUTHORITY

In general, the distinction between claims which may be brought under § 1983 and those which must be brought as habeas petitions is now reasonably well settled. Claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence are § 1983 actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system

3

implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would invalidate his conviction, the claim must be brought as a habeas petition, not as a § 1983 claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In other words,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-87 (emphasis in original).

Plaintiff has not shown that his 1988 child molestation conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. As a judgment in Plaintiff's favor based on the claims he presents would imply the invalidity of his sentence, and Plaintiff has not demonstrated that his conviction has already been invalidated, he cannot proceed with his claim against Renfroe. It is unnecessary to address Renfroe's remaining arguments.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Renfroe's Motion for Summary Judgment be **GRANTED** and Plaintiff's claims against Renfroe should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of January, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)